# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID THOMPSON,

      Plaintiff,

v.                                        Case No. 18-CV-1398

WESLEY FORBES,

      Defendant.

## ORDER

Plaintiff David Thompson is proceeding against defendant Dr. Wesley Forbes on a claim that Dr. Forbes violated his Eighth Amendment rights. Dr. Forbes has moved for judgment on the pleadings, arguing that Thompson's claim against him is barred by the doctrine of claim preclusion.

*1. Thompson's Prior Lawsuit against Dr. Forbes*

Thompson previously sued Dr. Forbes in another case in this District, 17-CV-106. In that case, Thompson also brought an Eighth Amendment claim against Dr. Forbes. Dr. Forbes moved for summary judgment on the grounds that Thompson failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act (PLRA). In its order granting the defendant's motion, the court summarized Thompson's allegations against Dr. Forbes as follows:

> On September 8, 2015, Thompson allegedly notified prison staff that he felt suicidal and would keep his arms hanging outside of his cell's food port until he was able to speak with a psychologist. Thompson claims that when Dr. Forbes arrived,

> Dr. Forbes threatened Thompson with violence and mocked his claims of mental health problems. Dr. Forbes then allegedly made jabbing motions, used a racial epithet, accused Thompson of faking his mental health problems, and eventually stabbed Thompson's thumb with his pen, causing it to bleed. Thompson alleges Dr. Forbes violated his Eight Amendment rights by maliciously causing Thompson harm.

(Case No. 17-CV-106, ECF No. 33 at 1–2.) The court explained that Thompson's "window to pursue his administrative remedies ha[d] already closed." (Case No. 17-CV-106, ECF No. 33 at 5.)

Thompson's subsequent exhaustion efforts confirm the court's finding. Thompson attached documentation to his response to the defendant's motion for judgment on the pleadings in this case to try to show he was able to exhaust his administrative remedies. However, Thompson's inmate complaint was rejected because he filed it (well) outside the 14-day time limit. (ECF No. 27-1.) When prison grievances are rejected based on untimeliness without consideration of the merits, they do not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) (internal citation omitted). Despite seeking relief through the Inmate Complaint Review System again, Thompson did not exhaust his claims during his subsequent attempt to do so.

   2. *Thompson's Allegations in this Lawsuit*

Thompson is an inmate at Green Bay Correctional Institution. (ECF No. 1 at 1.) On September 8, 2015, Thompson, who was housed in the restricted housing unit, began experiencing suicidal ideation and contacted prison staff asking to be placed on observation status. (*Id.* at 2.) Frustrated that he was not getting the response he

was asking for, Thompson stuck his arm through his open food port during lunch pass, refusing to put it back in until he spoke to a psychologist. (*Id.* at 2–3.) When the sergeant arrived, Thompson explained that he needed psychological services and nothing was being done despite repeated requests. The sergeant said no one told him about an inmate needing psychological services and that only Dr. Hamilton and Dr. Forbes were available. Thompson requested to speak with Dr. Hamilton. (*Id.* 1 at 3.)

The sergeant said he would relay the message that Thompson wanted to see Dr. Hamilton, but Dr. Forbes came to Thompson's door at around 11:45 a.m. (ECF No. 1 at 3–4.) Thompson's arm was still hanging out of the food port. (*Id.* at 4.) Thompson told Dr. Forbes he would not speak to him due to prior issues between them. Dr. Forbes then knelt in front of Thompson's open food port, took his glasses off, and stated, "N*gger, you don't have any mental health problems, and if you don't place your arm in the trap I'm going to have the C.O.s suit up, run in your cell & beat the shit out of you, little boy." (*Id.*) Thompson refused and again insisted on speaking with Dr. Hamilton. Dr. Forbes then looked at the tattoo on Thompson's hand, which reads "wild." While making jabbing motions with his pen, Dr. Forbes asked if that is why Thompson got all that prison time and will not see his family again. Eventually, he stabbed Thompson in the left thumb, piercing the skin and making it bleed and causing Thompson pain. (*Id.*)

3. *Claim Preclusion Standard*

A motion for judgment on the pleadings under Rule 12(c) "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule

3

12(b)(6)." *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). Therefore, to survive a motion for judgment on the pleadings, "the complaint must state a claim that is plausible on its face." *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (quoting *Vinson v. Vermilion Cty., Ill.*, 776 F.3d 924, 928 (7th Cir. 2015)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Lodholtz v. York Risk Servs. Group*, 778 F.3d 635, 639 (7th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court accepts as true the facts alleged in the complaint. *St. John*, 822 F.3d at 388. However, the court need not accept as true any legal assertions. *Lodholtz*, 778 F.3d at 639 (citing *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014)).

Claim preclusion is an affirmative defense, and "the proper procedure is to raise the defense and then move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure." *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014); *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (internal quotations omitted). The defense requires the defendant to establish that (1) the two suits involve the same cause of action; (2) the two suits involve the same parties; and (3) there was a final judgment on the merits in the first suit. *Golden v. Barenborg,* 53 F.3d 866, 869 (7th Cir. 1995).

4

*4. Analysis*

The first two elements of claim preclusion are readily satisfied. In both this case and his prior case, Thompson has sued Dr. Forbes, satisfying the requirement that the parties be the same. Thompson is also suing Dr. Forbes for the same alleged misconduct on September 8, 2015: mocking him, using a racial slur, accusing him of faking his mental illness, and stabbing his thumb with a pen. *United States ex rel. Conner v. Mahajan*, 877 F.3d 264, 271–72 (7th Cir. 2017) (internal citations omitted) ("Two causes of action are identical if each claim is supported by the same factual allegations . . . .").

The remaining requirement is that the first case resulted in a final judgment on the merits. As noted above, Dr. Forbes moved for summary judgment in the previous case because Thompson failed to exhaust his administrative remedies as required by the PLRA. The court granted Dr. Forbes's motion, finding that "Thompson's window to pursue his administrative remedies has already closed and exhaustion is impossible." (Case No. 17-CV-106, ECF No. 33 at 5.)

Ordinarily, dismissals for failure to exhaust are without prejudice, *see Ford v. Johnson*, 362 F.3d 495, 401 (7th Cir. 2004), and dismissals without prejudice are generally not considered final, *see Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1097 (7th Cir. 2008). However, dismissals for failure to exhaust administrative remedies will bar refiling of the suit if an inmate cannot cure that deficiency because it is too late to exhaust. *Phillips v. Walker*, 443 Fed. Appx. 213,

5

215 (7th Cir. 2011) (citing *Ford*, 362 F.3d at 401; *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)).

For example, in *Duhart v. United States Postal Service*, No. 17 C 8545, 2018 WL 3303264, *1 (N.D. Ill. Jul. 5, 2018), the plaintiff sued his previous employer, the United States Postal Service, after being fired. Finding that Duhart failed to exhaust his administrative remedies before filing his lawsuit and that his failure was incurable, the court dismissed his lawsuit. *Id.* When Duhart filed another lawsuit against the Postal Service about his termination, the court found that the suit was barred by the doctrine of claim preclusion. *Id.* at *2–*3.

As here, the identity of the parties in *Duhart* and the facts underlying the two suits were the same. *Duhart*, 2018 WL 3303264 at *2. Duhart's previous case had been dismissed for failure to exhaust administrative remedies, and that court found he no longer had the ability to exhaust. *Id.* at *3. Based on the prior court's finding, the *Duhart* court found that the dismissal for failure to exhaust without the ability to cure constituted a decision on the merits. *Id.* (citing *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) ("A decision by a federal court that a statute of limitations or an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion.")). As such, claim preclusion barred Duhart from pursuing his claims in the new lawsuit. *Id.* at *3.

Because Thompson's previous lawsuit, like Duhart's, was dismissed for failure to exhaust administrative remedies, and because the court found that he had no way to exhaust, the prior dismissal in 17-CV-106 constituted a decision on the merits.

6

That satisfies the final requirement for claim preclusion. The court will grant the defendant's motion and dismiss the case with prejudice.

5. *Conclusion*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion for judgment on the pleadings (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice. The Clerk of Court is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin, this 14th day of February, 2020.

WILLIAM E. DUFFIN
U.S. Magistrate Judge